BUTLER v. PERDUE. (No. 1875.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 21, 1917. Rehearing Denied Jan. 3, 1918.)

LANDLORD AND TENANT ☞129(4)—RENTING ON SHARES—ACTION—DAMAGES.

In action by tenant for landlord's failure to permit him to cultivate rented lands, an instruction allowing as damages the reasonable cash market value of the plaintiff's share of the crops he might have raised on the premises, less such sums as he earned or might have earned during the year at other labor, was erroneous, as preventing the jury from taking into consideration some of the expenses it was shown would have been incurred in making and gathering such crops.

Appeal from District Court, Fannin County; Ben. H. Denton, Judge.

Action by A. L. Perdue against W. J. Butler. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Cunningham & McMahon, of Bonham, for appellant. Rosser Thomas, of Bonham, for appellee.

HODGES, J. The appellee sued the appellant for damages for the breach of a rental contract, or, as stated in the appellant's brief, for the alleged failure on the part of the appellant to permit the appellee to cultivate certain described lands during the year 1916, which, the appellee claimed, he had rented from the appellant for that year. Under a charge submitting the case on special issues the jury found that the rental contract had been made. On the issue of damages the court gave the following:

"What amount would be a reasonable compensation for plaintiff for damages, if any, sustained by him? In this connection you are instructed that in estimating the damages you are instructed that the duty of the plaintiff to exercise ordinary care and diligence to find and lease other premises, or seek other employment to prevent or diminish any damages that might result to him by reason of his failure (if any) to get the land, and the measure of plaintiff's damages will be the reasonable cash market value of three-fourths of the cotton and two-thirds of the corn and two-thirds of the oats which plaintiff could and would have reasonably raised, grown, and gathered on the land in controversy for the year 1916 had he remained on such premises, less such sums of money which the said plaintiff did earn by his labor during the year 1916, or by the use of reasonable diligence he might have earned during said year."

It is contended by the appellant that this charge prevented the jury from taking into consideration some of the expenses which the evidence showed would have been incurred by the appellee in making and gathering the crops referred to. We think the charge subject to the objection. Moreover, we are of the opinion that it is an affirmative misdirection of the jury, which would conflict with any other charge submitting the proper measure.

The judgment will therefore be reversed, and the cause remanded.